ELLIOTT SUPPLY COMPANY, Appellant, v. ROSS, Respondent.

(168 N. W. 58.)

(File No. 4270.   Opinion filed June 25, 1918.)

**Evidence—Purchase of Silverware—Representations by Sales Agent re Brand, Oral Evidence of, Competency.**

Defendant signed an order for purchase from plaintiff of silverware at a specified price, a few items in which order were designated "Rogers Bros. 1847," a greater number being designated "E. S. Co. 1935;" the order guaranteeing the articles to be exactly as represented therein. **Held**, that testimony by defendant that when plaintiff's agent took the order he represented he was selling only "Rogers Bros. 1847" brand of silverware, that the initials "E. S. Co." in the order stood for Elliott Supply Company (plaintiff's name) that the order was for Rogers Bros. brand and nothing else, and that the articles designated E. S. Co. were goods made especially for plaintiff; that he signed the order believing the entire shipment to be Rogers Bros. ware and would not otherwise have signed it—was not incompetent as varying the terms of a written instrument; that the order does not purport to specify that all the enumerated articles were silver-plated, or manufactured by Rogers Bros., but that if it did said evidence was still competent to show the articles were not silver-plated, and were not all manufactured by Rogers Bros.

Gates, J., not sitting.

Appeal from Circuit Court, Day County.   Hon. THOMAS L. BOUCK, Judge.

Action by Elliott Supply Company, against A. Ross, to recover for purchase price of a consignment of merchandise.   From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.   Affirmed.

*Anderson & Waddel,* for Appellant.

*Lewis W. Bicknell,* for Respondent; *W. F. Bruell,* of Counsel.

Appellant cited: Jones on Evidence, 2d Ed., p. 446; McQuaid v. Ross, (Wis.), 46 N. W. 892; Jones v. Keefe, (Wis.), 150 N. W. 954.

Respondent cited: W. U. Tel. Co. v. Am. Bell Tel. Co. 105 Fed. 684.

POLLEY, J. This is an action for the recovery of the purchase price of a consignment of merchandise, consisting principally of tableware. The verdict and judgment were for defendant, and plaintiff appeals.

The contract or order under which said merchandise was shipped to defendant is in writing, and in order to get a clear understanding of the matters presented on this appeal it is necessary to set out the contract, except the items enumerated, in full. The contract is as follows:

"Read this contract carefully.

"The amount of this order is $180.00. [Here follows a list of the articles sold, a few of which are designated as 'Rogers Bros. 1847,' and a greater number of which are designated as 'E. S. Co. 1935.']

"We guarantee this entire order for twenty years.

"Warranty: Any article which is not exactly as represented may be returned to us and we will replace same with a new article without charge, regardless of cost of the article."

The goods were shipped to defendant, but upon examination thereof he claimed they were not as represented when he placed the order with plaintiff's agent, and refused to accept them, and after some correspondence shipped them back to plaintiff. It appears from the evidence that the order was taken by a traveling salesman of the plaintiff company, and it also appears that the contract or order had been prepared in advance and that the transaction, from the beginning, was for the sale of all the articles therein enumerated in a single lot or consignment.

At the trial, the defendant testified that when plaintiff's agent (one Clifford) came to his place of business he announced that he was selling Rogers Bros. 1847 brand of silverware; that in reply to a query by defendant said Clifford told defendant that the initial letters "E. S. Co." where they appear in the contract stood for Elliott Supply Company; that said order was for $180 worth of Rogers Bros. 1847 brand of silverware, and nothing else; that the articles designated as E. S. Co. were goods made especially for the Elliott Supply Company. Defendant

further testified that he signed the order believing the entire shipment was to be Rogers Bros. 1847 silverware, and that he would not have signed such order had it not been for such belief. This testimony was objected to on the ground that it was incompetent and that it tends to vary and contradict the terms of a written instrument. The purpose of this testimony was to show that the goods that were shipped to defendant were not what plaintiff's agent represented they would be, and on the strength of which representation the order was given, and for that purpose it was competent. It does not in any way tend to vary the terms of the written order. The order does not purport to specify that all the articles enumerated therein were silver-plated nor that they were all manufactured by Rogers Bros., and, if it did, it would still be competent to show, by parol evidence, that such articles were not silver-plated, and that they were not all manufactured by Rogers Bros. This testimony was properly admitted. Careful consideration has been given to all the other assignments, but no prejudicial error appears.

The judgment and order appealed from are affirmed.

GATES, J., not sitting.